UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| J.H., a minor, by and through his parent and natural guardian, Kirsten Lindsey, | Civil No. 20-2038 (DWF/TNL) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Independent School District No. 623, a/k/a Roseville Area Schools, and Geraldine Cook in her individual capacity, | |
| Defendants. | |

---

Joshua A. Newville, Esq., and Samuel Kramer, Esq., Madia Law LLC, counsel for Plaintiff.

Alex D. Ivan, Esq., and Mar-Bon R. Wallner, Esq., Kennedy & Graven, Chartered, counsel for Defendant Independent School District No. 623.

Eugene C. Shermoen, Jr., Esq., and Kari Marie Dahlin, Esq., Arthur Chapman Kettering Smetak & Pikala, P.A., counsel for Defendant Geraldine Cook.

---

**INTRODUCTION**

This matter is before the Court on Defendant Roseville Area Schools, Independent School District No. 623's (the "District") motion to dismiss counts one and three of the Complaint (Doc. No. 24), and Defendant Geraldine Cook's ("Cook") motion to dismiss

count two of the Complaint (Doc. No. 31).  For the reasons below, the Court denies the motions.[1]

## BACKGROUND

The events detailed in the First Amended Complaint ("FAC") took place at an elementary school within the District.  Plaintiff was a student in the District during the 2019-20 school year.  At that time, Defendant Cook was a second-grade teacher in the District.  (Doc. No. 7 (FAC) ¶ 7).)  Plaintiff was assigned to Cook's class.  (*Id.* ¶ 8.)  Plaintiff alleges that he was one of four to six African American students in the class. (*Id.* ¶ 30.)

Plaintiff alleges that during the period from April 2015 until October 2019, Cook was involved in various physical incidents with her students.  (*Id.* ¶ 11.)  Plaintiff further alleges that before the 2019-20 school year, the District knew of such incidents.  (*Id.*)  In addition, Plaintiff alleges that during the 2018-19 school year, Cook repeatedly mistreated an African American student and that this mistreatment was brought to the attention of Principal Delon Smith ("Smith") and the District.  (*Id.* ¶¶ 13-24.)  This mistreatment included separating him from and belittling him in front of the class and, on one occasion, grabbing him by the arm and pulling him.  (*Id.* ¶¶ 13-14.)  In addition, Plaintiff alleges that during the 2018-2019 school year, Cook separated African American students from other students.  (*Id.* ¶ 15.)

---

[1] This case is factually related to Civ. No. 20-2369, which was heard on similar motions at the same hearing.

During the 2019-20 school year, when Plaintiff was in Cook's class, Plaintiff's mother, Kirsten Lindsey ("Lindsey"), volunteered in the classroom. (*Id*. ¶ 9.) Plaintiff alleges that Lindsey observed that Cook seemed overwhelmed and erratic, especially when working with or talking about African American students in her class. (*Id*. ¶ 31.) Specifically, Plaintiff alleges that Cook separated African American students in the classroom, that at some point during the year Cook told Lindsey that she (Cook) was "struggling with 'a particular group of students,' while gesturing toward the African-American students," and at a later time Cook "reiterated her earlier complaint about the behavior of the group of African-American students . . ." (*Id*. ¶¶ 32, 40.) Lindsey spoke with Smith and expressed her concern that Cook presented a risk to students and, in particular, African American students. (*Id*. ¶ 33.) Plaintiff alleges that Smith did not address Cook's behavior.

In early October 2019, Plaintiff alleges that Cook ripped the shirt sleeve of an African American student, pushed another student so hard that the student hit his head against a wall, and left Lindsey a voicemail angrily complaining that Plaintiff did not know how to speak to adults. (*Id*. ¶¶ 36-39.) Lindsey visited the school and learned that Cook had removed Plaintiff from the classroom. (*Id*. ¶ 39.) Plaintiff alleges that when Lindsey asked Cook what had happened, Cook reiterated her complaint about the behavior of a group of African American students. (*Id*. ¶ 40.) Lindsey again reported Cook's behavior to Smith. (*Id*. ¶ 42.)

On October 9, 2019, one of Cook's African American students told Smith that Cook had assaulted him, that Cook "doesn't like the Black kids," and that Cook had

3

"pushed, shoved, grabbed, and smooshed the faces" of African American students. (*Id.* ¶ 44.) That child also told Smith that Cook had strangled Plaintiff because Cook had told Plaintiff to swallow water and he did not listen. (*Id.* ¶¶ 45, 48.) At least six students confirmed that Cook strangled Plaintiff. (*Id.* ¶ 47.) Cook was eventually removed from the classroom. (*Id.* ¶ 56.) Plaintiff alleges that before Cook was removed from the classroom, Plaintiff faced retaliation. (*Id.* ¶ 55.) For example, Plaintiff was repeatedly removed from the classroom, placed in a behavior support room, and "marched" to the principal's office with his "hands behind his back like a criminal defendant." (*Id.* ¶ 55.)

Plaintiff brought this action, asserting six counts: (1) Race Discrimination (as to the District) in violation of Title VI of the Civil Rights Act of 1964—42 U.S.C. § 2000d *et seq.*; (2) Equal Protection (as to Cook) in violation of the 14th Amendment of the United States Constitution through 42 U.S.C. § 1983; (3) Race Discrimination (as to the District) under the Minnesota Human Rights Act – Minn. Stat. § 363A.13 ("MHRA"); (4) Battery (as to Cook and the District); (5) Negligent Supervision (as to the District); and (6) Negligent Retention (as to the District). Presently, the District moves to dismiss counts one and three, and Cook moves to dismiss count two.

## DISCUSSION

In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th

Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court deciding a motion to dismiss may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

## I.  The District's Motion

The District moves to dismiss Plaintiff's claims of race discrimination under Title VI and the MHRA. Title VI of the Civil Rights Act of 1964 prohibits race discrimination in any program receiving federal funds:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000d. Similarly, the MHRA provides, in relevant part, that: "It is an unfair discriminatory practice to discriminate in any manner in the full utilization of or benefit from any educational institution, or the services rendered to any person because of race, color, creed, religion, [or] national origin . . ." Minn. Stat. § 363A.13, subd. 1. Private parties may sue under Title VI for intentional discrimination. *Alexander v. Sandoval*, 532 U.S. 275, 280-81 (2001).[2]

To state a Title VI claim, Plaintiff must show that his race, color, or national origin motivated the defendant's discriminatory conduct. *See Thompson v. Bd. of Spec. Sch. Dist. No. 1*, 144 F.3d 574, 581 (8th Cir. 1998). When there is no direct evidence of discrimination, a plaintiff may establish a prima facie case of race discrimination through evidence giving rise to an inference of discrimination because of race. *See Lucke v. Solsvig*, 912 F.3d 1084, 1087 (8th Cir. 2019). One way to do so is to show that a similarly-situated student of another race was treated more favorably. *See id*. In doing so, Plaintiff must allege facts sufficient to show that there are no "mitigating or distinguishing circumstances" distinguishing the comparators' treatment such that they are "similarly situated in all relevant aspects." *See Doe v. Blake Sch.*, 310 F. Supp. 3d

---

[2] The MHRA is typically construed in accordance with the law applied to federal statutes. *See Mumid v. Abraham Lincoln High Sch.*, 618 F.3d 789, 793 (8th Cir. 2010). Plaintiff argues that, unlike Title VI, the MHRA does not require actual notice of discrimination, but instead requires a showing that the District should have known about Cook's pattern of discriminatory behavior against African American students. Plaintiff also asserts that the MHRA's standard for harassment is lower than that of its federal counterparts. Because Plaintiff's claim sufficiently pleads notice and discriminatory animus under federal standards, the Court need not decide these issues at this stage of litigation.

6

969, 981 (D. Minn. 2018) (citation omitted). To state a Title VI claim under a racial hostility theory, Plaintiff must plead facts sufficient to support a reasonable inference that the defendant was "(1) deliberately indifferent, (2) known to acts of discrimination, (3) which occurred under its control." *Shrum ex rel. Kelly v. Kluck*, 249 F.3d 773, 782 (8th Cir. 2001) (Title IX case).

Plaintiff asserts Title VI racial discrimination claims under both disparate treatment and racial hostility theories. The District argues that Plaintiff fails to plead a claim under either theory because Plaintiff has failed to plead facts plausibly demonstrating that his race motivated Cook's alleged conduct. In particular, the District argues that Plaintiff does not allege facts to show that Cook treated similarly situated non-African American students more favorably. The District points out that Plaintiff alleges that Cook was involved in various physical incidents with students but does not identify those students' races or other information (such as grade level) that would allow them to be considered relevant comparators. In addition, as to allegations that relate to Cook's treatment of African American students (such as grabbing a student's arm, belittling a student, or forcing students to sit separately), the District maintains that there are no allegations that plausibly support a conclusion that Cook's behavior was motivated by race. In addition, the District argues that Plaintiff has failed to plead facts showing that the District knew of Cook's allegedly discriminatory conduct and acted with deliberate indifference.

In this case, Plaintiff alleges that during the period from April 2015 until October 2019, Cook was involved in various physical incidents with students and that before the

2019-20 school year, the District knew of such incidents. In addition, Plaintiff alleges that during the 2018-19 school year, Cook repeatedly mistreated an African American student and that this mistreatment was brought to the attention of Principal Smith and the District. Further, Plaintiff alleges that during the 2019-20 school year, Cook was observed to be overwhelmed and erratic, especially when working with or talking about African American students in her class, Cook separated African American students in the classroom, and Cook indicated that she was struggling with her African American students. Plaintiff alleges that concerns that Cook presented a risk to students (and in particular, African American students) were raised, but that these concerns were not addressed.

The FAC goes on to allege that, in October 2019, Cook ripped the shirt sleeve of an African American student and pushed another student so hard that the student hit his head against a wall. In addition, Plaintiff alleges that after receiving an angry voicemail about Plaintiff, Lindsey visited school and learned that Cook had removed Plaintiff from the classroom. Plaintiff alleges that when Lindsey asked Cook about Plaintiff's removal, Cook reiterated her complaint about the behavior of a group of African American students. Lindsey again reported her concerns to Smith.

Then on October 9, 2019, one of Cook's African American students told Smith that Cook had assaulted him, that Cook "doesn't like the Black kids," and that Cook had pushed, shoved, and grabbed African American students. That student also told Smith that Cook had strangled Plaintiff because Cook had told Plaintiff to swallow water and he

8

did not listen. At least six students confirmed the story. Cook was eventually removed from the classroom, but before her removal, Plaintiff alleges that he faced retaliation.

The Court finds that these alleged facts are sufficient to give rise to an inference that Cook's conduct was discriminatory against African American students so as to plausibly state a Title VI claim. Plaintiff also sufficiently alleges that the District knew of Cook's allegedly discriminatory actions. In particular, Plaintiff sufficiently alleges that the issue of Cook's behavior was brought to the attention of the District, and that the District failed to address Cook's behavior. Thus, the Court finds that the FAC sufficiently alleges that the District failed to meaningfully respond to Cook's allegedly hostile and discriminatory behavior by failing to investigate or intervene. The facts as alleged could raise an inference that the District was deliberately indifferent to alleged discrimination. Finally, the FAC contains allegations that, if supported by evidence, could demonstrate that Plaintiff was subjected to severe and persistent harassment. As a result, Plaintiff has pleaded a plausible claim under Title VI and the MHRA. Accordingly, the District's motion to dismiss is properly denied.

## II. Cook's Motion

Cook moves to dismiss Plaintiff's Equal Protection claim. In support, Cook argues that, as set forth by the arguments made by the District, Plaintiff has failed to plead facts sufficient to demonstrate that race motivated Cook's improper conduct. In particular, Cook asserts that Plaintiff's allegations of discriminatory treatment are conclusory and insufficient to state a claim for violation of the Equal Protection clause.

9

Plaintiff's Equal Protection claim is analyzed under the same framework as Plaintiff's Title VI claim.  *See Regents of Univ. of California v. Bakke*, 438 U.S. 265, 287 (1978).  Because the Court has already determined that Plaintiff's Title VI claim was sufficiently pleaded and that Plaintiff has alleged facts sufficient to raise an inference that race motivated Cook's conduct, the Court concludes that Plaintiff has adequately pleaded an Equal Protection claim.  Therefore, Cook's motion is also properly denied.

## CONCLUSION

The Court denies the motions to dismiss.  The Court notes, however, that victory at this stage does not necessarily guarantee victory at a later stage when the issues can be considered after discovery.  The Court encourages the parties to consider settling this matter.

## ORDER

Based on the files, records, and proceedings herein, and for the reasons stated above, **IT IS HEREBY ORDERED** that:

1. The District's Motion to Dismiss (Doc. No. [24]) is **DENIED**.
2. Cook's Motion to Dismiss (Doc. No. [31]) is **DENIED**.

Dated:  May 18, 2021                    s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge